IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Criminal No. 99-30 |
| | ) |
| WILLIAM L. LUCAS | ) |

### Memorandum Order

On March 22, 2010, Defendant was sentenced to a term of imprisonment of 24 months for violating his supervised release. On March 24, 2010, his retained defense counsel filed a Motion for Leave to Withdraw as Counsel (Doc. 100), in which counsel states that Mr. Lucas wishes to appeal his judgment and desires to proceed on appeal with appointed counsel. Defense counsel has not filed a notice of appeal.

In Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029 (2000), the United States Supreme Court recognized that counsel who disregards his client's explicit instructions to appeal renders ineffective assistance. "If counsel has consulted with the defendant [about his right to appeal], the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478. See also United States v. Mabry, 536 F.3d 231, 240 (3d Cir. 2008) ("The Flores-Ortega Court made clear that a presumption of prejudice applies in the context of an ineffectiveness claim because an attorney's deficient performance deprives the defendant of his or her opportunity for an appellate proceeding."); and Solis v. United States, 252 F.3d 289, 293-94 (3d Cir. 2001) ("Prejudice is presumed from counsel's failure to file a notice of appeal when so instructed.")

We recognize that counsel has stated that his client "desires to have new counsel appointed to file said appeal", however, in this case Defendant has clearly stated his desire to appeal and an appeal must be filed within 14 days of the judgment.  It is a simple matter to file a notice of appeal.  In this case, Mr. Lucas retained his present counsel, and therefore there is no documentation showing that he cannot afford counsel and there is no guarantee that counsel will be appointed before the time for appeal has passed.  In contrast, once a notice of appeal is timely filed, Mr. Lucas may seek to obtain appointed counsel or else proceed pro se.  Thus, it appearing that Defendant has demonstrated to counsel that he wants to appeal and it appearing that defense counsel has failed to file such appeal, we will deny counsel's motion to withdraw without prejudice to file a similar motion once an appeal is filed.

AND NOW, to-wit, this <u>25th</u> day of <u>March, 2010</u>, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED Defendant's Motion for Leave to Withdraw as Counsel (Doc. 100) be and hereby is DENIED without prejudice.

<u>s/Maurice B. Cohill, Jr.</u>
Maurice B. Cohill, Jr.
Senior United States District Judge